# SETTLEMENT AGREEMENT

This Agreement is made and entered into this ___ day of April, 2015, between Named Plaintiffs Kofi Campbell, Billy Brooks, Howard Brooks, Charlie Smiley III, Eric Diggins, Michael Atkins, and Caleb Jackson[1], individually and in their representative capacity on behalf of the Class Members, and Defendant C.R. England, Inc.

**WHEREAS**, the Named Plaintiffs filed a civil collective action pending in the United States District Court for the District of Utah, Case No. 2:13-cv-00262-CW; and

**WHEREAS**, the Named Plaintiffs brought the Litigation on behalf of a certain group of current and former employees of Defendant, alleging that during their employment with Defendant they worked certain hours for which they were not properly compensated; and

**WHEREAS**, the Named Plaintiffs and Defendant have agreed to a settlement of the Litigation;

**NOW, THEREFORE**, the Litigation shall be settled in whole and all claims of all Plaintiffs shall be dismissed with prejudice, subject to the approval of the Court, upon the terms and conditions set forth herein.

I.  **DEFINITIONS**

   A.  "Settlement" or "Agreement" means this Settlement Agreement.

---

[1] Despite the best efforts of counsel, including attempts at contacting Mr. Kelly by telephone, mail, and through skip tracing efforts, counsel for Plaintiffs has been unable to communicate with Mr. Kelly for nearly one year. He is accordingly not able to continue as a representative in this matter and is not a signatory to this Settlement Agreement.

**B.** "Named Plaintiffs" means Kofi Campbell, Billy Brooks, Howard Brooks, Charlie Smiley III, Eric Diggins, Michael Atkins, and Caleb Jackson.

**C.** "Class Members" means those persons defined in Section XII.A. below.

**D.** "Plaintiffs" means the Named Plaintiffs and the Class Members, collectively.

**E.** "Defendant" or "England" or "the Company" means C.R. England, Inc., a Utah corporation.

**F.** The "Released Parties" means England and its current or former parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, officers, directors, shareholders, associates, employees, former employees, attorneys, representatives, and agents.

**G.** The "Released Claims" means any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind (including any and all claims or demands for attorneys' fees and costs), which were or could have been asserted in the Litigation, at any time up to the date of Preliminary Approval of the Settlement, which arise out of the alleged facts, circumstances, and occurrences underlying the claims asserted in the Litigation, and any and all claims for violation of the FLSA and analogous state law, including but not limited to any and all state or federal claims for minimum wage or overtime compensation, back pay, liquidated damages, punitive damages and/or all claims for attorneys' fees and costs.

**H.** The "Litigation" means the matter of *Campbell, et al. v. C.R. England, Inc.*, pending in the United States District Court for the District of Utah, Case No. 2:13-cv-00262-CW.

  **I.**  "District Court" means the U.S. District Court for the District of Utah.

  **J.**  "Preliminary Approval" of this Agreement means that the District Court has preliminarily approved this Agreement, subject to a hearing after notice to the Class Members.

  **K.**  "Final Approval" means that the Agreement has been finally approved by order of the District Court.

  **L.**  The "FLSA" means the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

  **L.**  "Plaintiffs' counsel" means Swartz Swidler, LLC, 1101 Kings Highway North, Suite 402, Cherry Hill, New Jersey 08034.

  **M.**  The "Settlement Fund" is $5,000,000.

  **N.**  The "Net Settlement Amount" means the Settlement Fund minus (a) any attorney fees and expenses awarded to Plaintiffs' counsel; (b) the expenses awarded to the Claims Administrator; and (c) the Class Representative Payments to the Named Plaintiffs.

**II.**  **LITIGATION BACKGROUND**

  Plaintiffs filed this case against England on behalf of themselves and all others similarly situated as a collective action under Section 216(b) of the FLSA. In their Complaint, filed in the United States District Court for the District of Utah, Plaintiffs asserted that England violated the FLSA by not paying them minimum wage for all hours worked.

  During the course of this litigation approximately 10,900 individuals filed a written consent to opt-in, although it is undetermined how many of these individuals are eligible Class Members as defined in Section XII.A below. Substantial document

discovery has been conducted in this case, allowing both sides to fully evaluate the merits of their claims and defenses as to the claims on which this Settlement has been reached.  Plaintiffs have propounded numerous interrogatories and document requests to Defendant.  Plaintiffs requested, and Defendants produced, millions of pay and time records which were analyzed by expert witnesses to calculate damages under different theories of liability.  Plaintiffs have also deposed a Rule 30(b)(6) witness of Defendant.  As a result, the parties are fully informed of each other's positions and are sufficiently knowledgeable concerning the likely evidence at trial to resolve the issues in this Litigation on terms all parties believe to be fair and reasonable.

### III.  JURISDICTION

The District Court has jurisdiction over the parties and the subject matter of this case.  If the Settlement is approved, the District Court will retain jurisdiction of this action with respect to the claims resolved by this Settlement solely for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

### IV.  PURPOSE AND BENEFITS OF SETTLEMENT

Although no party abandons any position taken in the Litigation, the parties believe that continued litigation with respect to the issues resolved by this Settlement would be protracted, expensive, uncertain, and contrary to their best interests.  Thus, the parties believe that this Settlement is in the best interest of all parties, and is a fair and appropriate resolution of these issues.

### V.  CERTIFICATION OF SETTLEMENT CLASS

For purposes of this Settlement, the parties agree that the Court's prior order concerning conditional certification of collective action treatment shall be converted to a final order of class certification for purposes of settlement.

## VI. THE SETTLEMENT FUND

The Settlement Fund of $5,000,000 will be paid by England in settlement of the claims resolved by this Agreement, and shall be distributed as set forth in Section XII below. The Settlement Fund includes the employer's share of any federal or state mandated payroll taxes, such as FICA and FUTA, as well as any and all attorneys' fees and costs to be awarded Plaintiffs' counsel for their efforts and to reimburse them for the costs they incurred in prosecuting this litigation, and any and all administrative expenses to be paid to a Claims Administrator hired to assist with the effectuation of the settlement of the case. Under no circumstances shall England be required to pay any more than the total amount of the Settlement Fund in settlement of the Litigation.

## VII. STATEMENT OF NO ADMISSION

    **A.**    **Denial of Liability.** England denies liability to Plaintiffs upon any claim, cause of action, and factual or legal theory alleged in the Litigation. England has vigorously defended against Plaintiffs' claims in the Litigation, and continues to assert that if the Litigation were to proceed to trial and/or appeal, it would prevail.

    **B.**    **No Admission.** This Agreement is not intended to constitute, and does not in fact constitute, any admission by England as to the merits, validity, or accuracy of any of the allegations or claims made against it in the Litigation.

    **C.**    **No Use as Evidence of Violation.** Nothing in this Agreement nor any action taken in the implementation of this Agreement is intended by the parties to, nor will any of the foregoing be introduced, used, or admissible in any way in any of the

cases constituting the Litigation or any other judicial, arbitral, administrative, investigation, or other form of proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty, at law or in equity.  Notwithstanding the foregoing, the Agreement may be used in any proceeding in the District Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the District Court entered in connection therewith.

   **D.** **Effective Date.**  This Agreement shall become effective: (i) if no appeal is taken from the Final Approval Order, thirty (30) days after the Court's entry of the Final Approval Order; or (ii) if an appeal is taken from the Final Approval Order, the date on which all such appeals (including, *inter alia*, petitions for rehearing or re-argument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally disposed and can no longer be timely appealed or reviewed.

## VIII. RELEASE, COVENANT NOT TO SUE, AND DISMISSAL

   **A.** **Release and Covenant Not to Sue.**  For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, individually and in their representative class capacity, for themselves and all Class Members, and their heirs, successors, assigns, personal representatives, executors, legal representatives, spouses, agents, insurers, and attorneys, do hereby release and discharge the Released Parties from any and all Released Claims.  Plaintiffs further covenant not to sue the Released Parties for any and all Released Claims.

B.   **Scope of Release.**  Plaintiffs understand and agree that this release is a full and final release applying to Released Claims, which includes (1) Released Claims currently known, anticipated, or disclosed to Plaintiffs; and (2) Released Claims that are presently unknown, unanticipated, and undisclosed to any and all Plaintiffs.

C.   **No Waiver of Release in *Jasper*.**  The parties acknowledge and agree that some of the Class Members are also members of the class in the case of *Jasper, et al. v. C.R. England, Inc.*, District Court Case No. 2:08-CV-5266-GW(CWx) (the "*Jasper* case").  The parties agree that the release given by the plaintiffs and class members as part of the settlement agreement in the *Jasper* case is not affected by the Release and Covenant not to Sue granted by Plaintiffs herein and that England's payment of settlement checks to the Class Members who are also members of the class in the *Jasper* case does not constitute a waiver of or diminish in any way the terms and conditions of the release agreed upon in the *Jasper* case.  The parties further acknowledge that class members who provided Claim Forms in *Jasper* will be eligible to receive payments from both the *Jasper* and the instant Settlement.

D.   **Dismissal.**  Upon Final Approval and England's issuance of the settlement checks to the Claims Administrator as provided in Section XII below, the entire Litigation, including all of Plaintiffs' claims, shall be dismissed with prejudice.  The parties acknowledge and agree that this Agreement is contingent upon Final Approval and such dismissal.

E.   **Dismissal of *Jasper* Appeal.**  Jim Wilson, a Class Member in this case who is also a member of the class in the *Jasper* case, filed objections to the terms of the settlement agreement in the *Jasper* case.  Those objections were denied by the

California District Court and Wilson appealed that ruling to the U.S. Court of Appeals for the Ninth Circuit, Appellate Case No. 14-56867.  Upon Final Approval and England's issuance of the settlement checks to Plaintiffs' counsel as provided in Section XII below, the appeal of Jim Wilson pending in the case of *Jasper, et al. v. C.R. England, Inc.*, Appellate Case No. 14-56867, shall be dismissed with prejudice.

IX.     **TIME PERIOD COVERED BY SETTLEMENT**

The Settlement covers any and all claims within the scope of the release set forth in Section VIII above up to and including the date of Preliminary Approval.

X.      **NOTICE**

    A.      **Notice of Preliminary Approval, Objections, and Fairness Hearing**.  After Preliminary Approval of this Agreement by the District Court, the Claims Administrator shall send notice of such Preliminary Approval, including notice of the material terms of the Settlement, the right to object to the Settlement, and notice of the fairness hearing, to all Plaintiffs and individuals who filed a written consent to opt in.  Such notice shall be in the form attached hereto as Exhibit A (the "Notice").  In the event that any Notice sent pursuant to this Section is returned as undeliverable, the Claims Administrator shall re-mail all returned pieces to forwarding addresses provided by the United States Postal Service ("USPS").  The Claims Administrator shall use its best efforts in accordance with industry standards to obtain a current and valid address for each potential Class Member for whom the USPS does not provide a forwarding address and re-mail the Notice to any new address identified.

    B.      **Modification of Notices**.  In the event that the District Court approves this Agreement, but subject to modifications to the Notice, the parties shall jointly modify the Notice which is to be sent pursuant to this Agreement.  In the event that the

parties cannot agree upon the modifications to be made to such Notice, any disputed issues shall be submitted to and resolved by the District Court.

  C. **Cost of Notices.** The cost of mailing the Notice pursuant to this Section shall be borne by Plaintiffs.

XI. **APPROVAL PROCESS**

  A. **Joint Motion for Approval.** The parties shall file a joint motion for preliminary approval of the Settlement, including submittal of this Agreement. If the District Court preliminarily approves the Settlement, or preliminarily approves the Settlement subject to conditions or modifications acceptable to both parties, Plaintiffs' counsel shall prepare and send the Notice, with the assistance of a Claims Administrator hired by Plaintiffs and approved by Defendant, as set out in Section X.A. above within 15 days of the District Court's order granting such Preliminary Approval.

  If the District Court does not preliminarily approve the Settlement or approves the Settlement, but subject to conditions or modifications which are not acceptable to both parties, the parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the parties and the District Court.

  B. **Objections.** Any objections to this Settlement as preliminarily approved by the District Court must be filed with the District Court and copies served on counsel for Plaintiffs and Defendant no later than 45 days after the District Court's Order granting such preliminary approval. All objections must state with particularity the basis therefor. Further, if any objector intends to appear at the fairness hearing, either in person or through counsel, he or she shall include notice of that fact and state the purpose for his or her appearance and the basis for his or her objection. The parties

shall be permitted to respond in writing to such objections no later than seven days prior to the fairness hearing.

    C.    **Fairness Hearing and Final Approval.**  The parties shall file a joint motion for Final Approval of the Settlement, and move the District Court to schedule a fairness hearing, consistent with the District Court's docket and the schedules of counsel, to be held no sooner than 60 days after the District Court's order granting Preliminary Approval of this Agreement, for the purpose of determining whether the Settlement is fair and reasonable, to consider objections, and to give Final Approval to the Settlement, if appropriate.

Upon the District Court giving its Final Approval to the Settlement and Defendant's issuance of the Settlement Fund for distribution to Plaintiffs and Plaintiffs' counsel, the District Court shall dismiss all claims in the Litigation with prejudice.

**XII.**    **DISTRIBUTION OF MONETARY RELIEF**

    A.    **Class Members (Eligibility).**  All current and former employees of England who have filed their written consent to join this lawsuit, but excluding those individuals who are not members of the class as defined in the Court's order conditionally certifying the class, shall be the Class Members who are eligible to participate in the distribution of monetary relief as described in this Section XII.  The eligible Class Members are identified by name in the Attachment A to the Notice, attached hereto as Exhibit "A."

    B.    **Time of Payment.**  Defendant shall wire the entire Settlement Fund of $5,000,000 (Five Million Dollars) to the Claims Administrator no later than fifteen (15) days after the Effective Date.

**C.** **Calculation of Amounts Due.** The determination of eligibility and calculation of the amounts due to each Plaintiff shall be made by Plaintiffs' counsel. Allpayments to Plaintiffs shall be made only from the Net Settlement Amount, which will be distributed as follows:

1. Each eligible class member who submitted a Consent Form on or before March 10, 2015, and who is *not* a *Jasper* class member shall be paid $150 plus a pro-rated amount for each month of employment with England from April 12, 2010 through March 10, 2015, for a maximum period of 36 months;

2. Each eligible class member who submitted a Consent Form on or before March 10, 2015 and who *is* a *Jasper* class member shall be paid 1/3 of the amount he or she would receive if he or she was not a *Jasper* class member. The reason for this deduction is the *Jasper* settlement has provided consideration for the release of the claims at issue here, and there is a considerable risk to *Jasper* class members that their claims would be dismissed with prejudice if the Ninth Circuit affirms the District Court's decision of finally approving the Class Settlement reached in *Jasper*.

D. Half of the settlement payment made to each class member shall be considered wages and subject to W2 reporting and tax withholdings. The other half shall be considered liquidated damages and shall be reported on a Form 1099.

**D.** **Distribution of Net Settlement Amount.** The Claims Administrator shall distribute the Net Settlement Amount to the Class Members according to the formula stated above. The Claims Administrator shall calculate and withhold appropriate tax

deductions, and issue a form W-2 and a form 1099 for each Class Member along with the Settlement checks. These checks shall be distributed the Class Members within thirty (30) days of the Effective Date.

  E. **Undeliverable Payments.** Any payment checks returned as undeliverable or any payment checks which have not been cashed within 90 days of the original mailing by Plaintiffs' counsel shall no longer be valid. In the event that Class Members cannot be located through reasonable efforts or there are any monies left unclaimed in the Settlement Fund, including any accrued interest, such amounts will be distributed to the Class Members who can be located according to the same formula unless the total amount of undeliverable payments is less than $5.00 per class member in which case such total amount shall be contributed to the St. Christopher Truckers Development and Relief Fund.

  F. **No Liability for Errors.** Neither Plaintiffs nor their counsel, nor Defendant nor its counsel, will be liable for any errors of computations or errors in the distribution of the Settlement Fund.

## XIII. ATTORNEYS' FEES AND COSTS

  A. **Attorneys' Fees and Costs.** In connection with seeking Preliminary and Final Approval, Plaintiffs' counsel will seek approval of an attorneys' fee award in the total amount of $1,666,666.00 which represents 33 1/3% of the Settlement Fund. Additionally, expenses and costs in the amount not to exceed $100,000, and which will be fully detailed to the Court at the Final Approval Hearing,[2] will be paid from Plaintiffs' portion of the Settlement Fund. Plaintiffs agree that they will not seek an

---

[2] Costs for Plaintiffs' counsel.

additional award of fees or costs from the District Court with respect to this Settlement Agreement and the matters resolved by the Settlement. The Claims Administrator shall pay Plaintiffs' Counsel the full amount of the attorney fees and costs awarded by the Court from the Settlement Fund within thirty (30) Days of the Effective Date.

     **B.** **Class Representative Payment.** England will not oppose Plaintiffs' request to the Court for approval of Class Representative payments in the total aggregate amount of up to $52,500,[3] to be paid to the Named Plaintiffs from the Settlement Fund, in addition to the Settlement payment they may otherwise receive as Class Members. The Claims Administrator will issue to the Class Representatives Form 1099s with respect to the Class Representative payment that the Court approves. Each Class Representative shall execute a complete release of all claims against England as a condition of receiving the Class Representative Payment. A form of the release is attached hereto as Exhibit "B."

     **C.** **Full Payment.** The payment of attorneys' fees and costs as set out herein shall constitute full, final, and complete payment with respect to the representation of Plaintiffs in the Litigation by Plaintiffs' counsel to date and for any future representation related to the applications for Preliminary and Final Approval of this Settlement Agreement and the distribution of the Settlement Fund.

## XIV. DISTRICT COURT APPROVAL

This Settlement is contingent upon: (1) Preliminary and, ultimately, Final Approval of this Agreement by the District Court, or if the District Court orders

---

[3] $7,500.00 each to Kofi Campbell, Billy Brooks, Howard Brooks, Charlie Smiley III, Eric Diggins, Michael Atkins, and Caleb Jackson, as representative plaintiffs and for their work in this litigation.

modifications to this Agreement, such modified Agreement, so long as such modifications are agreeable to all parties; and (2) dismissal with prejudice of the entire Litigation, including all Plaintiffs' claims.

The parties shall take all steps as may be reasonably necessary to secure approval of the Agreement, to the extent not inconsistent with the terms of this Agreement, and they shall not take any action adverse to each other in obtaining approval by the District Court, and if necessary, appellate approval of the Agreement in all respects.

## XV.   MISCELLANEOUS PROVISIONS

**A.   Interpretation of the Agreement.**  The Agreement shall be interpreted and enforced under the laws of the State of Utah without regard to its conflict of laws provisions.  Any claim arising out of or relating to the Agreement, or the subject matter hereof, shall be resolved solely and exclusively in the United States District Court for the District of Utah, and the parties hereby consent to the personal jurisdiction of the District Court in connection therewith.

The parties to this Agreement participated jointly in the negotiation and preparation of the Agreement.  Accordingly, the parties agree that no rule of construction shall apply against any party or in favor of any party, and any uncertainty or ambiguity shall not be interpreted by any rule of construction against one party or in favor of the other.

The use of the term "Section" herein refers to the specific section number identified and, where appropriate, the subsections there under.

**B.   Final Agreement.**  This Agreement constitutes the entire agreement between the parties with respect to the resolution of the Litigation and supersedes all prior representations, understandings, and agreements of the parties with respect

thereto. Plaintiffs, in their individual capacities, as well as in their representative capacity, and Defendant enter into this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement. This Agreement may be modified only by a writing signed by the parties hereto and approved by the District Court.

      **C.**     **Counterparts.** The Agreement may be executed in one or more actual or electronically transmitted counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

      DATED: _____, 2015.

      C.R. ENGLAND, INC.

By: _____
Its: _____

_____

_____

-16-

        SWARTZ SWIDLER, LLC
        Appointed Collective Counsel for the Class Members


_____
Justin L. Swidler, Esq.


Named Plaintiffs, on behalf of themselves individually and in their representative capacity on behalf of the Class Members


| _____ | _____ |
| Kofi Campbell | Billy Brooks |


| _____ | _____ |
| Howard Brooks | Charlie Smiley, III |


| _____ | _____ |
| Eric Diggins | Michael Atkins |


_____
Caleb Jackson