IN THE UNITED STATES DISTRICT COURT IN AND FOR

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KOFI CAMPBELL, BILLY BROOKS, HOWARD BROOKS, CHARLIE SMILEY III, ERIC DIGGINS, MICHAEL ATKINS, CALEB JACKSON, CHRISTOPHER KELLY, and COLLECTIVE ACTION PLAINTIFFS JOHN DOES 1-10,<br><br>Plaintiffs,<br><br>v.<br><br>C. R. ENGLAND, INC. d/b/a ENGLAND CARRIER SERVICES, ECS, and PREMIER TRUCK DRIVING SCHOOL, and JOHN DOES 1-10,<br><br>Defendants. | **NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT AND HEARING DATE FOR FINAL COURT APPROVAL**<br><br><br>Case No. 2:13-cv-00262-CW<br><br>Judge Clark Waddoups |

**PLEASE READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS MAY BE AFFECTED. YOU MAY BE ENTITLED TO MONEY FROM THE SETTLEMENT**

**To:** All over-the-road truck drivers employed by C. R. England, Inc. who timely filed a consent to opt-in as a member of the plaintiff class in the above-named lawsuit.

**Re:** Notice of preliminary approval of settlement and hearing date for final court approval.

**1. INTRODUCTION**

This Notice of Preliminary Approval of Settlement and Hearing Date for Court Final Approval ("Notice") is to inform you that an agreement has been reached between plaintiffs and C. R. England, Inc. ("England") to settle the claims in this class action lawsuit. You have filed a consent form to opt-in as a member of the plaintiff class. The plaintiffs in this pending lawsuit alleged that England violated the Fair Labor Standards Act ("FLSA"), by not paying them required minimum wages. The lawsuit sought back pay for unpaid minimum wages, liquidated damages and attorneys' fees. All claims brought in the lawsuit are to be resolved by this settlement, including all claims for violation of the FLSA and any wage claims under state law.

This Notice is to inform you about the status of the lawsuit, including a statement of your rights with respect to a proposed settlement of the case; and your option to file with the Court any objections you may have to the settlement.

**2. DESCRIPTION OF THE LAWSUIT**

Eight over-the-road truck drivers, Kofi Campbell, Billy Brooks, Howard Brooks, Charlie Smiley III, Eric Diggins, Michael Atkins, Caleb Jackson, and Christopher Kelly ("Representative Plaintiffs"), brought this

lawsuit against C.R. England on behalf of themselves and all C.R. England employees who have worked for C.R. England as an over-the-road truck driver at any point from July 22, 2010 to the present. The Representative Plaintiffs contend that C.R. England failed to pay them for compensable time spent in training, in orientation, in testing, in a sleeper berth and for compensable breaks and waiting time, and as a result, paid them less than minimum wage.

C. R. England denies Plaintiffs' allegations and has defended vigorously against Plaintiffs' claims.

Extensive discovery has been conducted in this case, allowing both sides to fully evaluate the merits of the claims and defenses in the lawsuits. As a result, the parties are fully informed of each other's positions and are sufficiently knowledgeable concerning the likely evidence at trial to resolve the issues in this case on terms all parties believe to be fair and reasonable.

This settlement is the result of settlement discussions and extensive negotiations between the Plaintiffs' and England's attorneys and culminated after a private mediation where a neutral third party mediator assisted the parties in reaching a compromise. Plaintiff's Counsel and the Representative Plaintiffs believe that further proceedings in this case on the issues resolved by this settlement, including trial and a probable appeal, would be very expensive and protracted. No one can confidently predict how the various questions at issue, including the amount of damages, ultimately would be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Plaintiff's Counsel and the Representative Plaintiffs believe that the proposed settlement with England is fair and reasonable.

3.  **SUMMARY OF SETTLEMENT TERMS**

On _____, the Court preliminarily approved the settlement. This Notice is being sent to you because you filed a timely consent to opt into the lawsuit. As such, this settlement may affect your rights.

A.  Settlement Payments

In return for settlement and a release of all the claims in the lawsuit, England has agreed to pay $5,000,000.00 (the "Settlement Fund") to resolve plaintiffs' claims.

The Court has tentatively approved compensation to Plaintiff's Counsel for their work in this matter of $1,666,666.00 (33.33 percent of the $5,000,000.00 Settlement Fund amount). The Court has also tentatively approved reimbursement of expenses and costs up to the amount of $100,000.00. The Court has also tentatively approved payments to Representative Plaintiffs Campbell, B. Brooks, H. Brooks, Smiley, Diggins, Atkins and Jackson in the amount of $7,500.00 each. The Court has approved these fees and costs as reasonable considering all of the circumstances of this case. The attorneys' fees and costs, the administration costs, and payments to the above identified Representative Plaintiffs will be deducted from the Settlement Fund, and the remaining amount ("Net Settlement Amount") will be used to calculate the share of each class member.

All payments to Plaintiffs shall be made only from the Net Settlement Amount, which will be distributed as follows:

1.  Each eligible class member who submitted a Consent Form on or before March 10, 2015, and who is *not* a class member in the separate case brought against England in California styled *Jasper, et al. v. C. R. England, Inc.,* District Court Case No. 2:08-cv-5266-GW (the "Jasper" case)*,* shall be paid $150 plus a pro-rated amount for each month of employment with England from April 12, 2010 through March 10, 2015, for a maximum period of 36 months;

2.      Each eligible class member who submitted a Consent form on or before March 10, 2015 and who *is* a J*asper* class member shall be paid 1/3 of the amount he or she would receive if he or she was not a *Jasper* class member.  The reason for this deduction is the language of the *Jasper* settlement releases the claims at issue here, and there is a considerable risk to *Jasper* class members that their claims would be dismissed with prejudice if the Ninth Circuit affirms the District Court's decision to give final approval of the Class Settlement reached in *Jasper*.

Half of the settlement payment made to each class member shall be considered wages and subject to W-2 reporting and tax withholdings.  The other half shall be considered liquidated damages and shall be reported on a Form 1099.

You are eligible to receive payment if your name is included on Attachment A to this Notice.  If you filed a consent form to opt-in to this lawsuit and your name is not on Attachment A, it means that you are not eligible for payment because 1) you are not a member of the defined class; and/or 2) your claim is barred by the statute of limitations.

You will not have to make any additional payments to the Plaintiff's Counsel who represented you in this lawsuit.

B.      Disposition of Undistributed Funds

Any payment checks returned as undeliverable or any payment checks which have not been cashed within 90 days of the original mailing shall no longer be valid.  In the event that Class Members cannot be located through reasonable efforts or there are any monies left unclaimed in the Settlement Fund, including any accrued interest, such amounts will be distributed to the Class Members who can be located according to the same formula specified above, unless the total amount of undeliverable payments is less than $5.00 per class member, in which case such total amount shall be contributed to the St. Christopher Truckers Development and Relief Fund.

### 4. BINDING EFFECT AND CLASS RELEASE

If approved by the Court, the settlement agreement will be binding on all members of the class and will bar any class member from bringing any claims settled under the approved Settlement Agreement. The settlement, once approved by the Court, will fully release and discharge England and the other released parties from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind (including any and all claims or demands for attorneys' fees and costs), which arise out of the alleged facts, circumstances, and occurrences underlying the claims asserted in the case and which were asserted or could have been asserted in this case for any wage claims or any FLSA violations, at any time up to and including _____, the date that the settlement was preliminarily approved.

### 5. OBJECTIONS TO THE PROPOSED SETTLEMENT

If you believe that the proposed settlement agreement should not be finally approved by the Court for any reason, you may object to the proposed settlement agreement. If you want to object to the proposed settlement agreement, you must mail an objection in writing to:

       [claims administrator]

You must state the name of the case, your name, the date, and you should clearly state the basis of your objection. Your objection must be mailed on or before [45 days from mailing].

You may appear at the hearing scheduled for _____ at _____ in Courtroom \_\_\_\_ of the United States District Court for the District of Utah, which is located at _____, Salt Lake City, Utah 84101. If you object to the settlement, your objection will be considered by the Court whether or not you attend the hearing. However, objections not previously filed in writing in a timely manner will not be considered. Any attorney who will represent an individual objecting to the settlement agreement must file a notice of appearance with the Court and serve counsel for all parties on or before _____. All objections or other correspondence must state the name and number of the case, which is *Kofi Campbell, et al. v. C. R. England, Inc., et al.*, United States District Court for the District of Utah, Case No. 2:13-cv-00262-CW (Hon. Clark Waddoups).

## 6. FINAL SETTLEMENT APPROVAL HEARING

At the hearing on _____ at _____ in Courtroom _____ at the Federal Courthouse located at: _____, Salt Lake City, Utah 84101, the Court will determine whether the settlement should be finally approved as fair and reasonable.

The hearing may be rescheduled without further notice to the settlement class. It is not necessary for you to appear at this hearing.

## 7. FURTHER INFORMATION AND ADDRESSES OF THE PLAINTIFFS' COUNSEL

The summary of the proposed settlement agreement in this Notice does not include all of the terms and conditions of the settlement. The only complete statement of the terms of the proposed settlement is in the actual settlement agreement that has been preliminarily approved by the District Court. Copies of the proposed settlement agreement are available for inspection or printing from Plaintiffs' attorneys' office. The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court of Utah, which is located at 350 South Main Street, Salt Lake City, Utah 84101.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK.**

If you have any questions about the settlement agreement, you may contact the Plaintiffs' Counsel at:

       Justin L. Swidler, Esq.
       Richard S. Swartz, Esq.
       SWARTZ SWIDLER, LLC
       1878 Marlton Pike East, Ste. 10
       Cherry Hill, NJ  08003
       Tel: (856) 685-7420
       Fax: (856) 685-7417
       Email:  jswidler@swartz-legal.com
              rswartz@swartz-legal.com

## 8. CLAIMS ADMINISTRATOR

For purposes of serving copies of any objections, or if you need to update any contact information or if you need another copy of the notice, please contact:

       [claims administrator]