IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW UTAH

| | |
|---|---|
| KOFI CAMPBELL, et al., *on behalf of himself and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. ENGLAND, INC., et al.,<br><br>Defendants. | Civil Action No. 13-cv-262 |

**DECLARATION OF JUSTIN L. SWIDLER, ESQ.**

I, Justin L. Swidler, under penalties of perjury, hereby declare as follows in support of Plaintiffs' Motion for Final Settlement Approval of Collective and Class Action Settlement.

1. I am fully familiar with all the factual matter discussed herein.

2. I and my Partner, Richard Swartz, are appointed Class Counsel and are lead trial counsel for Plaintiffs in this matter.

3. Attached as Exhibit A are attorney time records reflecting the amount of hours worked by attorneys in this Firm on this matter; the attached attorney time records provide that attorneys for Swartz Swidler worked on this matter a total of 1,245.3 hours.[1] In investigating these claims, we, *inter alia,* obtained and reviewed more than 10,000,000 driver records and pay records, consulted and retained damage and ESI experts, discussed this matter and obtained information from thousands of opt-in plaintiffs, issued significant written discovery, created and implemented damage algorithms, took a designee deposition, filed contested motions, participated in oral argument, and filed objections in a related class action lawsuit in California and filed an appeal thereof. My firm accepted this matter on a pure contingent basis, fronted all

---

[1] The time records do not reflect administrative or paralegal work as my firm does not require non-attorneys to track their time.

1

litigation costs, and agreed that we would receive no compensation nor would we receive reimbursement of any cost if we did not obtain a recovery for our clients.

4. In litigating this case, my firm has incurred out-of-pocket litigation costs of $87,567.81. These costs consist of the following:

   a. $36,855.58 for Postage and Printing Relating to the 2013 Notice and Reminder Notice;

   b. $21,393.14 for Expert and Legal fees paid by the Firm to database experts, damage experts, mediator and local counsel;

   c. $15,719.73 for Airfare/Car/Lodging and related travel expenses;

   d. $6,422.90 for BRM Permit Fees and postage for first class mail relating to same (to accept approximately 8,500 Consent Forms by mail without requiring opt-in Plaintiff to provide postage);

   e. $3,057.18 for fees to maintain Adobe Echosign throughout the litigation, to accept about 2,400 Consent Forms filed online;

   f. $2,112 paid to JJ Staffing to temporary help to process consent forms during opt-in period;

   g. $1,362.48 paid for transcript fees;

   h. $460 for Filing Fee and Pro Hac Vice Fees; and

   i. $184.80 for service of documents.

5. After the preliminary approval hearing, Plaintiffs retained Kurtzman Carson Consultants, LLC ("KCC") to facilitate the Court approved notice and administer the settlement. KCC has estimated that the cost of its services, along with all related costs in administering the settlement (*i.e.* postage, skip-tracing fees, etc.) will be $59,700. A copy of the KCC's bid is attached hereto as Exhibit B.

6. As the attached declaration from Jenny Cudworth provides, KCC complied with all provisions of the Order, facilitated notice to all opt-in Plaintiffs, and as of the filing date of this brief, has received no objections to the settlement.

7. Named Plaintiffs greatly assisted in the litigation and resolution of this matter. Prior to conditional certification, Named Plaintiffs could have chosen to engage in settlement discussions which could have resulted in them personally receiving more total compensation than they will ultimately get in the class settlement (and receiving same sooner), even with the inclusion of the service awards. Of course, had they chosen to take such efforts, none of the other class members would have received compensation. In addition, Named Plaintiffs provided the ground work which led to the ultimate result, including providing witnesses, detailed information regarding Defendants' pay practices, job duties, and other information which was necessary to ultimately obtain the result obtained. Named Plaintiffs further regularly conferced with undersigned counsel relating to the case, reviewed documents and calculations, and assisted in the settlement discussion. Their efforts and sacrifices were not shared by any other class member in this case.

8. I am a 2007 graduate of Duke University School of Law. I was admitted to the Pennsylvania and New Jersey state bars in the same year.

9. I am a member of good standing of the Pennsylvania and New Jersey state bars. I have been admitted to practice before the Eastern, Middle, and Western Districts of Pennsylvania, the District of New Jersey, the Court of Appeals for the Third, Eighth, and Ninth Circuits, and the District of Nebraska. I have been admitted to practice *pro hac vice* in putative and certified wage and hour class actions in the Northern and Southern Districts of New York, the Northern District of Texas, the Southern District of West Virginia, the District of Utah, the Eastern and Western Districts of Arkansas, the Western District of North Carolina, the Eastern and Middle Districts of Tennessee, the Eastern District of Michigan, the Western District of Wisconsin, and the Central District of California.

10. Since 2007, I have been actively engaged in the representation of plaintiffs in employment actions. Since 2010, my practice has emphasized the representation of plaintiffs in class and collective actions involving wage and hour claims.

11. Richard Swartz is a 1997 graduate of Temple University School of Law. He was admitted to the Pennsylvania and New Jersey state bars in the same year.

12. Mr. Swartz is a member of good standing of the Pennsylvania and New Jersey state bars. He has been admitted to practice before the Eastern, Middle, and Western Districts of Pennsylvania, the District of New Jersey, the Court of Appeals for the Third Circuit, and the District of Nebraska. He has been admitted to practice *pro hac vice* in putative and certified wage and hour class actions in the various states throughout the United States.

13. Since 2010, Mr. Swartz' practice has emphasized the representation of plaintiffs in class and collective actions involving wage and hour claims.

14. Daniel Horowitz is a 2009 graduate of Temple University School of Law. He was admitted to the Pennsylvania and New Jersey state bars in the same year.

15. Mr. Horowitz is a member of good standing of the Pennsylvania and New Jersey state bars. He has been admitted to practice before the Eastern, Middle, and Western Districts of Pennsylvania, the District of New Jersey, and the Court of Appeals for the Third Circuit.

16. Mr. Horowitz has been an attorney of Swartz Swidler since 2012. Since that time, his practice has emphasized the representation of plaintiffs in class and collective actions involving wage and hour claims.

17. Joshua Boyette is a 2010 graduate of New York University School of Law. He was admitted to the Pennsylvania and New Jersey state bars in the same year.

18. Mr. Boyette is a member of good standing of the Pennsylvania and New Jersey state bars. He has been admitted to practice before the Eastern, Middle, and Western Districts of Pennsylvania, the District of New Jersey, and the Court of Appeals for the Third Circuit. He has been admitted to practice *pro hac vice* in putative and certified wage and hour class actions in the various states throughout the United States.

19. Mr. Boyette has been an attorney of Swartz Swidler for his entire career, starting in 2010. Since that time, his practice has emphasized the representation of plaintiffs in class and collective actions involving wage and hour claims.

20. Travis Martindale is a 2014 graduate of Rutgers University School of Law. He was admitted to the Pennsylvania and New Jersey state bars in the same year.

21. Mr. Martindale is a member of good standing of the Pennsylvania and New Jersey state bars. He has been admitted to practice before the District of New Jersey.

22. Mr. Martindale has been an attorney of Swartz Swidler for his entire career, starting in 2014. Since that time, his practice has emphasized the representation of plaintiffs in class and collective actions involving wage and hour claims.

23. Swartz Swidler, LLC, Richard Swartz, and I have substantial experience in litigating large employment class and collective action wage and hour disputes. Since 2010, my law partner, Richard Swartz, and I have been lead counsel in more than 60 federal putative class and/or collective action lawsuits, including the actions listed below:

   1. *John St. Angelo, et al. v. The Lane Valentine Group, Inc., et al.* (N.D. Tex. 3:12-cv-05145-P) (closed case, filed as a putative FLSA collective collective action).

   2. *Rebecca Stoneback, et al. v. Artsquest, et al.* (E.D. Pa. 12-3287) (consumer fraud action; class certification denied based on Court's finding that reliance on alleged fraudulent statements were individualized; however, prior to making this finding under Rule 23(b)(3), the Court found that Swartz Swidler, LLC was adequate class counsel).

5

3. *Sandy Babcock, et al. v. Butler County, et al.* (W.D. Pa. 12-394) (putative class and collective wage and hour action where my firm represents approximately 100 correction officers).

4. **Cindy Bobryk, et al. v. Durand Glass Manufacturing Co., Inc.** (D. NJ. 1:12-cv-05360-NLH-JS) (conditionally certified collective and class action relating to wage and hour violations with 50 opt-in plaintiffs).

5. **Jason Bowe, et al. v. Enviro Pro Basement Systems, et al.** (D. NJ. 1:12-cv-02099-NLH-KMW) (certified collective action asserting wage and hour violations under federal and state law).

6. *Mary Brent v. Resources for Human Development, Inc., et al.* (E.D. Pa. 2:12-cv-06331-PD) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

7. *Jaclyn Brown v. Maidpro Collegeville, et al.* (E.D. Pa. 2:13-cv-2813) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

8. **Kofi Campbell, et al. v. C.R. England, Inc., et al.** (D. Utah 2:13-cv-00262-CW) (the instant matter).

9. *Frank Craig v. GHM Associates of America, et al.* (D. NJ. 3:13-cv-02303-JAP-TJB) (closed case, putative class and collective action asserting wage and hour violations under federal and state law).

10. *Katherine Dohanicz v. Underwood Memorial Hospital,* (D. NJ. 1:13-cv-01464 RBK-JS) (closed case, putative class and collective action asserting wage and hour violations under federal and state law).

11. *Barry Dooley v. CPR Restoration Inc.* (E.D. Pa. 2:13-cv-01448) (on appeal, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

12. *Olivia Drake v. Hyundai Rotem USA, Corp.* (E.D. Pa. 2:13-cv-00868) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

13. **Kalvin Drummond, et al. v. Herr Foods Inc.**, (E.D. Pa. 2:13-05991) (conditionally certified FLSA collective and class action asserting misclassification of route salespersons as exempt employees with currently more than 300 opt-in plaintiffs).

14. *Bella Funk, et al. v. Annpurna Two, Inc.* (1:13-cv-00711-YK) (closed case, filed as putative class and collective action asserting wage and hour violations under federal and state law).

15. *Paul Kane, et al. v. Gamesa Wind US, LLC, et al.* (E.D. Pa. 2:12-vc-006258) (putative class and collective action asserting wage and hour violations under federal and state law) (My Firm is co-litigating this case as local counsel).

16. ***Michael Gemmill v. Worthington Steelpac, et al***. (M.D. Pa. 1:13-cv-817) (certified collective action asserting wage and hour violations under federal and state law).

17. *Charles Murray, et al. v. Gerdau Ameristeel, Corp., et al.* (D. NJ. 2011) (3:11-cv-00647-PGS-LHG) (Closed, Was Class Counsel in Hybrid certified FRCP 23(b)(3) for state wage law violations and certified as collective action pursuant to FLSA; nationwide wage and hour case; Richard Swartz and I were appointed as class counsel in this matter; There were approximately 860 employees in the class).

18. ***James Satarlee, et al. v. Gerdau Macsteel, et al.*** (E.D. Mich. 2:13-cv-12376) (certified collective action asserting wage and hour violations under federal and state law where my firm represents more than 200 individuals).

19. *Luis Gonzalez, et al. v. VM Trucking, et al.* (Law Div. NJ: L-2804-13) (putative class action under New Jersey state law for wage and hour violations).

20. *Tom Greineder v. ESAB Group, Inc., et al.* (E.D. Pa 12-5380) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

21. ***Donald Maddy, et. al. v. General Electric Company***, (D. NJ 1:14-00490) (certified collective action asserting wage and hour violations under federal and state law where my firm represents more than 500 plaintiffs in the matter.)

22. *Doris Johnson v. Daimler Trucks of North* (D. NJ. 1:12:cv-04964-JBS-JS) (closed case, filed as putative class and collective action asserting wage and hour violations under federal and state law).

23. *Leonard Madison v. New Century Transportation, Inc.* (D. NJ. 1:12-cv-03792-JEI-AMD) (closed case, filed as a putative class action asserting wage and hour violations under state law related to the payment of wages to over-the-road truck drivers).

24. **Aiah Komba, et al. v. County of Montgomery** (E.D. Pa. 14-7104) (certified FLSA collective action asserting overtime violations on behalf of county employees)

25. *Nicole McGee v. Ann's Choice, Inc., et al.* (ED Pa. 2:12-cv-02664-BMS) (closed case, was certified as a collective action pursuant to the FLSA for wage and hour violations; putative class action under state law).

26. *Robert McMaster v. J&J Snack Foods Sales Corp.*, (D. NJ. 1:13-cv-01677-JEI-KMW) (closed case, was filed as a putative class and collective action asserting wage and hour violations under federal and state law).

27. *Brett Mundell v. DBA/DMC Mining Services, Corp, et al.* (MD Pa. 4:12-cv-02614-JEJ-TMB) (putative class and collective action asserting wage and hour violations under federal and state law).

28. *Doris Asirifi v. West Hudson Sub-Acute Care Center, LLC* (D. NJ. 2:11-cv-04039-DMC-MF) (closed case, was filed as a putative class and collective action asserting wage and hour violations under federal and state law).

29. *Kevin Parrish v. Verizon Pennsylvania, Inc., et al.* (ED. Pa. 2:12-cv-05575-MMB) (putative class and collective action asserting wage and hour violations under federal and state law).

30. **Rodney Tyger, et al. v. Precision Drilling Corp., et al.**, (M.D. Pa. 2011) (4:11-cv-01913-MWB) (conditionally certified collective FLSA matter; my firm represents more than 930 plaintiffs in this matter).

31. *Rodney Tyger, et al. v. Precision Drilling Corp., et al.*, (Court Comm. Pleas, Lycoming County, PA, Docket No. 11-02053) (putative class action under state law asserting wage and hour violations).

32. *Karl Reindrop v. Corporation Service Co., et al.* (D. Del. 1:12-cv-1263-GMS) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

33. *Edward Scalley, et al. v. The Happy Huckster, Corp., et al.* (E.D. Pa. 2:11-cv-04651-JCJ) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

34. *Javier Alavez-Lopez, et al. v. South Jersey Sanitation Co., Inc., et al.* (D. NJ. 1:10-cv-5647-NLH-KMW) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

35. *Diane Smith, et al. v. Wells Fargo, N.A., et al*. (E.D. Pa. 2:12-cv-6877) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

36. *Richard Snyder v. Dietz & Watson, et al.* (D. NJ. 1:11-cv-00003-NLH-AMD) (filed as putative class action pursuant to violations of state wage and hour law and violations of RICO; class certification was denied on basis of numerosity).

37. ***Brian Soles v. Zartman Construction, Inc., et al.*** (M.D. Pa. 4:13-cv-29) (certified collective action asserting wage and hour violations under federal and state law).

38. *Kelly Vargas v. St. Lukes Hospital and Health Network, et al.* (E.D. Pa. 5:12-cv-05378-JKG) (closed case, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

39. ***Thomas Gundmundson, et al. v. Stevens Transport, Inc., et al.*** (N.D. Tex. 3:13-cv-02010-M) (certified collective action asserting that the defendants failed to pay their over-the-road truck drivers minimum wage as required by FLSA; we represent approximately 3,000 drivers in the dispute).

40. *Frank Stiteler, et al. v. Tom Kurz Concrete Construction Co., et al.* (D. NJ. 12-5165-JHR-JS) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

41. *Anthony Barbour, et al. v. Sun Energy Services, LLC, et al.* (S.D. WV 2:12-cv-08460) (closed, filed as putative class and collective action asserting wage and hour violations under federal and state law).

42. *Aubrey Keller, et al. v. TD Bank, N.A.* (E.D. Pa. 2:12-cv-05054-MSG) (closed, certified class and collective action asserting wage and hour violations under federal and state law).

43. *Frank Valentine v. Benton Foundry, Inc., et al.* (M.D. Pa. 4:12-cv-02487-MWB) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

44. *Bernard Punter, et al. v. Jasmin International Corp., et al.* (D. NJ. 2:12-cv-07828) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law relating to the defendants' failure to pay over-the-road truck drivers minimum wage and overtime).

45. *Latrisha Warner v. In Home Care, Inc., et al.* (Court Comm. Pleas, Philadelphia County, PA, Docket No. 11-000164) (closed, filed as a putative class action under state law asserting wage and hour violations).

46. *Kenneth Doherty v. County of Warren, et al.* (D. NJ. 3:12-cv-04428-PGS-LHG) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

47. *Steven Ramirez, et al. v. Veze Wireless of Jersey City, Inc., et al.* (D. NJ. 1:11-cv-04541-JHR-AMD) (closed, filed as a putative and collective action asserting wage and hour violations under FLSA).

48. ***Philip Petrone, et al. v. Werner Enterprises, et al.*** (D. Neb. 11-cv-401) (certified FLSA matter where we represent more than 14,000 opt-in plaintiffs; summary judgment as to liability granted for plaintiffs on August 3, 2015).

49. ***Philip Petrone, et al. v. Werner Enterprises, et al.*** (D. Neb. 12-cv-307) (certified class action matter with more than 55,000 class members whom we represent; summary judgment as to liability granted for plaintiffs on August 3, 2015).

50. ***Yassine Baouch, et al. v. Werner Enterprises, et al.*** (D. Neb. 12-cv-408) (Rule 23(b)(2) and (b)(3) and FLSA certified class of more than 60,000 drivers whom we represent).

51. ***Ezequiel Abarca v., et al. v. Werner Enterprises, et al.*** (D. Neb. 14-cv-319) (putative class action for violations of Nebraska and California state wage and hour laws, undersigned is certified interim class counsel).

52. *Ralph White v. New Horizon Treatment Service, et al.* (D. NJ. 3:12-cv-07814-PGS-DEA) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

53. *Shawn Wolfe v. Cornell Iron Works, Inc., et al.* (M.D. Pa. 3:12-cv-00828-ARC) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

54. *John Cunningham v. Cape Regional Physicians, et al.* (D. NJ. 1:12-cv-03955) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

55. *Tonya Lengyel, et al. v. Fres-co System USA, Inc., et al.* (E.D. Pa 5:12-cv-3371) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

56. *Shane Usilton, et al. v. Trueblue, Inc., et al.* (D. NJ. 1:11-cv-03564-JEI-JS) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

57. *Roland Chavez v. Robert Wood Johnson University Hospital Hamilton, et al.* (D. NJ. 11-cv-7097) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

58. *Carole Penn-Skolnik v. Eastern Regional Medical Center, et al.* (E.D. Pa. 12-cv-1503) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

59. *Jamie Gutierrez v. Exide Technologies, et al.*, (E.D. Pa. 2:11-cv-3863) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

60. *Naduvathusery Joseph v. Caesar Entertainment Corp., et al.,* (D. NJ. 10-cv-6293) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

61. *John Morales v. Pepsico Inc.* (D. NJ. 3:11-cv-06275) (closed, filed as a putative class and collective action asserting wage and hour violations under federal and state law).

62. *Eric Dolcin v. Roadtex Transportation Corp., et al.* (D. NJ. 3:13-cv-04114) (closed certified class and collective action asserting wage and hour violations under federal and state law filed on behalf of over-the-road truck drivers).

63. ***Diane Estes v. P.A.M. Transport, Inc., et al.*** (W.D. Ark. 13-5199) (certified collective action asserting wage and hour violations under the FLSA where we represent approximately 3,000 drivers).

64. ***Pierre Cormier, et al. v. Western Express, Inc., et al.*** (M.D. Tenn. 14-29) (certified collective action asserting wage and hour violations where my firm represents about 3,000 drivers).

65. *John Morales v. Roehl Transport, Inc., et al.* (W.D. Wis. 13-687) (putative collective action asserting wage and hour violations under the FLSA);

66. ***Keith Salinas v. U.S. Xpress Enterprises, Inc.***, (E.D. Tenn. 13-245) (certified collective action asserting wage and hour violations under the FLSA where we represent approximately 2,000 drivers).

24. Swartz Swidler, Richard Swartz, and I collectively *currently* represent well over 100,000 workers across the country in certified wage and hour disputes. Each case marked in bold above is a currently pending matter for which we have been appointed as class/collective counsel.

I, Justin L. Swidler, hereby declare under penalties of perjury that the foregoing paragraphs are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

*/s Justin L. Swidler*
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

September 10, 2015